19-330-cv
*Louis Gachette v. Metro-North Commuter Railroad Company*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

PRESENT: GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*,
PAUL A. ENGELMAYER,
*District Judge*.[*]

------------------------------------------x
LOUIS GACHETTE,

    *Plaintiff-Appellant*,

    -v-                  19-330-cv

METRO-NORTH COMMUTER RAILROAD
COMPANY,

    *Defendant-Appellee*.[+]
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 05 2020

---

[*] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

[+] The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

| FOR PLAINTIFF-APPELLANT: | Louis Gachette, *pro se*, Brooklyn, New York. |
|---|---|
| FOR DEFENDANT-APPELLEE: | Beck S. Fineman, Ryan Ryan Deluca, LLP, Bridgeport, Connecticut. |

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Louis Gachette, proceeding *pro se*, appeals the district court's judgment entered January 9, 2019, granting summary judgment to defendant-appellee Metro-North Commuter Railroad Company ("Metro-North"), sued herein as Metro North-High Bridge, with respect to his discrimination claims under 42 U.S.C. § 1981, the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL").[1] Gachette, who is African American and worked as an electrician at Metro-North, alleged, *inter alia*, disparate treatment and retaliation based on his race and national origin. A panel of this Court previously vacated and remanded the disparate treatment claims so that the district court could address a discovery dispute concerning overtime records. *See Gachette v. Metro North-High Bridge*, 722 F. App'x 17, 20 (2d Cir. 2018) (summary order). On remand, Metro-

---

[1] Dave Plumb and Preston Kirk were dismissed from the action in 2013 and 2014, respectively. The district court's judgment entered against Metro-North, and Gachette appeals only from that judgment.

North produced overtime records, and, after motion practice, the district court again granted summary judgment to Metro-North. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Gachette challenges the district court's summary judgment decision and certain discovery rulings.

I.      *Summary Judgment*

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Gachette's federal discrimination claim under § 1981 fails, because that statute "does not provide a separate right of action against state actors." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (dismissing discrimination claims against city employer brought under § 1981). Metro-North is a New York state actor. *See* N.Y. Pub. Auth. Law § 1261(16) ("'State agency' shall mean any . . . public benefit corporation."); N.Y. Comp. Codes R. & Regs. tit. 21, § 1085.1(a) ("Metro-North . . . is a public benefit corporation and an independent subsidiary of the Metropolitan

3

Transportation Authority."). Section 1983, however, does provide such a right of action. 42 U.S.C. § 1983. Because we read a *pro se* litigant's complaint to make the strongest legal claims suggested by the facts alleged, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017), we thus analyze his federal claim below according to the standards applied under Title VII employment discrimination claims. *See United States v. City of New York*, 717 F.3d 72, 93 n.21 (2d Cir. 2013) (explaining that the Title VII framework applies to § 1983 claims).

Discrimination claims under the NYSHRL are also analyzed under the same standards as Title VII claims, *i.e.*, the *McDonnell Douglas* burden-shifting framework. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010). To state a *prima facie* case of discrimination, Gachette has the burden of establishing, *inter alia*, that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Id.* Under the NYCHRL -- which must be analyzed separately from state and federal law claims -- Gachette must demonstrate, by a preponderance of evidence, that he "has been treated less well than other employees" because of his race or national origin. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

On appeal, Gachette does not argue that the overtime records produced by Metro-North created an issue of material fact precluding summary judgment. Although we "liberally construe pleadings and briefs submitted by *pro se* litigants,

4

reading such submissions to raise the strongest arguments they suggest," *McLeod*, 864 F.3d at 156, *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citing Fed. R. App. P. 28(a)). Thus, despite affording *pro se* litigants "some latitude in meeting the rules governing litigation pursuant to Rule 28(a) . . . we normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.* (internal citations omitted); *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out 'identifiable arguments' in his principal brief."). Here, Gachette failed to challenge the district court's holding that the *overtime records* failed to create a disputed issue of material fact; thus, Gachette waived any argument relating to the overtime records.

Gachette's remaining arguments on appeal fail for the following reasons. First, although Gachette briefly asserts that issues of material fact remain concerning whether white electricians received more overtime than he did, he cites only his June 2010 letter in support of that assertion. As the district court held, however, the records submitted by Metro-North confirm that on the date complained of in Gachette's June 2010 letter (May 31, 2010), the only overtime shift available was given to another African American electrician.

5

Second, to the extent Gachette argues that Metro-North discriminated against him by failing to promote him, that claim was properly dismissed at the motion to dismiss stage, and Gachette fails to raise any challenge to the district court's dismissal order.

Third, Gachette's assertions that Metro-North's overtime records were "cosmetic" and that the district court deprived him of due process and equal protection are conclusory and thus unavailing. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (*pro se* litigant "waived any challenge" to the district court's adverse ruling because he mentioned the ruling only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Fourth, Gachette's argument that the district court's summary judgment decision contradicts its earlier motion to dismiss decision appears to be based on a misunderstanding. The district court's dismissal order held only that Gachette's disparate treatment claims were *plausible*; at summary judgment, however, Gachette was required to support his claims with evidence. *See Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) ("Like the movant, the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment."). He failed to do that.

6

II.   *Discovery Rulings*

"We review discovery rulings for abuse of discretion." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008). A district court has abused its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

The district court did not abuse its discretion in denying Gachette's requests, following remand, for further discovery beyond the overtime records that we ordered be produced. This Court's prior order vacating summary judgment and remanding for further proceedings reasoned that the overtime records could create a disputed issue of material fact and Gachette had requested the overtime records. *See Gachette*, 722 F. App'x at 20. We did not, however, order a general reopening of discovery, and the district court did not abuse its discretion in determining that, pursuant to this Court's order, Gachette was not entitled to reopen discovery generally.

\* \* \*

We have considered Gachette's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7